1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS A. GREER, | CASE NO. 1:11-cv–00447-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| T. CALDWELL, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

**I.       Screening Requirement**

Plaintiff Markus A. Greeer is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed March 17, 2011.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1   Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2   544, 555, 127 S. Ct. 1955 (2007)).

3       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11  S. Ct. 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.    Complaint Allegations**

14      Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is housed at Corcoran State Prison. Plaintiff alleges that his rights under the First, Eighth, and

16  Fourteenth Amendments were violated.

17      Plaintiff alleges that defendants used his prison record file to fabricate information against

18  another inmate. Inmate Alexander was asked about housing with Plaintiff, who is a documented

19  Blood gang member. Inmate Alexander refused, stating he doesn't house with Bloods. On

20  December 26, 2010, Defendant Faldon filed a rule violation report against Inmate Alexander,

21  allegedly in retaliation for Plaintiff filing inmate grievances. Plaintiff states that the housing policy

22  is racially discriminatory. Plaintiff claims that his inmate file and statements made by him were used

23  in a falsified rule violation report against Inmate Alexander. Plaintiff states he was prevented from

24  proving that the rule violation against Inmate Alexander was fabricated.

25      Defendant Caldwell refused to personally ask Plaintiff six questions proposed by Inmate

26  Alexander, depriving Plaintiff of his right to assist Inmate Alexander during the discovery process

27  and the rule violation hearing. Defendant Lopez endorsed the constitutional violations knowing the

28  rule report was falsified. Defendant Martinez refused to address the false information regarding

Plaintiff that was included in Inmate Alexander's rule violation hearing. Plaintiff filed an appeal that was screened out by Defendant Campbell because Plaintiff was bringing the grievance on behalf of another prisoner.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.   Discussion**

**A.   Standing**

The rights protected by the Constitution are personal rights and only the person subject to the violation has standing to bring suit. See Whitmore v. Arkansas, 495 U.S. 149, 160, 110 S. Ct. 1717, 1726 (1990); Estate of Amos v. City of Page, Arizona, 257 F.3d 1086, 1093 (9th Cir. 2001). "The general rule is that only the person whose [personal] rights were violated can sue to vindicate those rights." Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998). Plaintiff lacks standing to bring suit based upon the alleged false rule violation report and the rule violation hearing for Inmate Alexander

**B.   First Amendment**

A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff's complaint does not allege any adverse action taken against him, and therefore, fails to state a cognizable claim.

**C.   Eighth Amendment**

While Plaintiff alleges that his Eighth Amendment rights were violated, Plaintiff fails to allege that he was deprived of something "sufficiently serious in deliberate indifference to his health

1   or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate

2   indifference requires a showing that "prison officials were aware of a substantial risk of serious

3   harm" to an inmates health or safety and that there was no "reasonable justification for the

4   deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

5   Plaintiff fails to state a cognizable claim for a violation of the Eighth Amendment.

6       **D.**    **Fourteenth Amendment**

7           **1.**    **Due Process**

8           Plaintiff has failed to state a cognizable claim for a violation of due process, because he has

9   not identified a liberty interest for which the protection is sought.  Wilkinson v. Austin, 545 U.S.

10  209, 221, 125 S. Ct. 2384, 2393 (2005).  A prisoner has a liberty interest protected by the Due

11  Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in

12  relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996)

13  (quoting . Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995)).

14          The Due Process Clause itself does not contain any language that grants a broad right to be

15  free from false accusations, but guarantees certain procedural protections to defend against false

16  accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  However, "prison disciplinary

17  proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in

18  such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 1963, 2975

19  (1974).  Additionally, Plaintiff does not have a constitutional right to assist another inmate. Shaw

20  v. Murphy, 532 U.S. 223, 229, 121 S. Ct. 1476 (2001).  If a situation occurred where assistance was

21  required to satisfy due process, see Wolff, 418 U.S. at 570, 94 S. Ct. at 2982, the right would accrue

22  to Inmate Alexander.  Plaintiff cannot bring this action because prison officials did not allow him

23  to assist Inmate Alexander.

24          There is no liberty interest in a prison grievance procedure as it is a procedural right only.

25  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

26  1993).  Plaintiff has failed to state a cognizable claim as the failure to process an inmate's grievance,

27  "without more, is not actionable under section 1983." Buckley, 997 F.2d at 495.  Nor does Plaintiff

28  have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza,

334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

### 2.  **Equal Protection**

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose,  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Plaintiff's conclusory allegations of discriminatory treatment are insufficient to state a cognizable claim.  Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against or treated differently than other similarly situated inmates.

### E.  **Policy**

A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986).  Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3106 (1985)).  The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713.  Plaintiff has fail to set forth facts to show that any policy violated his constitutional rights.

### F.  **Supervisory Liability**

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be

1   held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that

2   the official has violated the Constitution through his own individual actions. Id. at 1948. In

3   other words, to state a claim for relief under section 1983, Plaintiff must link each named

4   defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

5   federal rights.

6         **G.**   **Declaratory Relief**

7         In addition to money damages, Plaintiff seeks a declaration that his rights were violated.

8   "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter

9   of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood

10  Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither

11  serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the

12  proceedings and afford relief from the uncertainty and controversy faced by the parties." United

13  States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches

14  trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that

15  Plaintiff's constitutional rights were violated. Accordingly, a declaration that Plaintiff's rights

16  were violated is unnecessary.

17  **IV.**   **Appointment of Counsel**

18        Plaintiff has requested the appointment of counsel. The United States Supreme Court has

19  ruled that district courts lack authority to require counsel to represent indigent prisoners in §

20  1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S.

21  296, 298, 109 S. Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may

22  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v.

23  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and

24  compensating counsel, this court will seek volunteer counsel only in the most serious and

25  exceptional cases.

26        In the present case, the court does not find the required exceptional circumstances. See

27  Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that

28  he has made serious allegations which, if proved, would entitle him to relief, his case is not

exceptional.  This court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment of counsel shall be denied.

**VI.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's motion for appointment of counsel is denied;

3.    Plaintiff's complaint, filed March 17, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

4.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

7

1    5.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2         action will be dismissed, with prejudice, for failure to state a claim.

3    IT IS SO ORDERED.

4    Dated:    **March 13, 2012**                    /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE