# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS A. GREER, | CASE NO. 1:11-cv–00447-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| T. CALDWELL, et al., | (ECF No. 13) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Markus A. Greer is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 17, 2011. On March 13, 2012, an order issued dismissing the complaint, with leave to amend, for failure to state a cognizable claim. (ECF No. 12.) Currently before the Court is Plaintiff's first amended complaint, filed April 4, 2012. (ECF No. 13.)

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     First Amended Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran. Plaintiff brings this action against Defendants Faldon, J. Lopez, Martinez, Comaites, Lambert, R. Lopez, Campbell, and Does 1-5 alleging that Plaintiff's name, facts from his prison record, and false statements attributed to Plaintiff were used in a rule violation report against another prisoner, Inmate Alexander, and Plaintiff was prevented from assisting Inmate Alexander during the rule violation hearing. Plaintiff claims violations of the First, Eighth, and Fourteenth Amendments. (First Am. Compl. 4,[1] ECF No. 13.)

Plaintiff states that on December 26, 2010, Defendant Faldon filed a rule violation report against Inmate Alexander. In the rule violation report, Defendant Faldon stated that he told Inmate Alexander to speak with Plaintiff about double celling. Plaintiff alleges that Defendant Faldon

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

falsely stated that both inmates had the same gang affiliation. However, Plaintiff's gang affiliation is San Diego Bloods, and Inmate Alexander stated that he doesn't house with Bloods because he is from the Bay area. Plaintiff claims that the rule violation report was "a due process violation that's clearly retaliatory discrimination (racial profiling & targeting) in violating of the Department's 'inmate housing policy.'"(Id. at 5.)

Defendant Caldwell was assigned as the Investigative Employee for Inmate Alexander. On January 12, 2011, Defendant Caldwell refused to allow Plaintiff to assist Inmate Alexander in his defense of the rule violation, because she did not personally ask Plaintiff the six questions posed by Inmate Alexander. Plaintiff alleges that Defendant Caldwell falsified the January 12, 2011 report by representing that she asked Plaintiff the questions when she did not. (Id. at 6.) Defendant Caldwell and Faldon refused to allow Plaintiff to assist Inmate Alexander, and issued the false report to cover-up their falsified information about Plaintiff in Inmate Alexander's rule violation report. On December 28, 2010, Defendant J. Lopez endorsed the falsified information about Plaintiff contained in the rule violation report against Inmate Alexander. (Id. at 7.)

On January 13, 2011, during the disciplinary proceedings, Defendant Martinez refused to address the falsified information about Plaintiff contained in the report against Inmate Alexander. On January 20, 2011, Defendant Comaites, and on January 25, 2011, Defendant Lambert, endorsed the violation. (Id. at 8.)

Plaintiff filed an inmate appeal on February 10, 2011, regarding the use of his information in the rule violation hearing against Inmate Alexander. Defendant R. Lopez allowed the inmate appeal to be screened out by the Appeals Coordinator's Office. On February 14, 2011, Plaintiff's appeal was screened out by Defendant Campbell stating he could not submit an appeal on behalf of another inmate. (Id. at 9.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim against any named defendant. Plaintiff has been previously been granted an opportunity to amend his complaint, with direction from the Court. The Court finds that the deficiencies identified below are unable of being cured by amendment, and therefore further leave to amend should not be granted.

///

## III. Discussion

### A. Standing

As Plaintiff was advised in the screening order, issued March 13, 2012, Plaintiff lacks standing to bring this action based upon the rule violation report and rule violation hearing for Inmate Alexander. The rights protected by the Constitution are personal rights and only the person subject to the violation has standing to bring suit. See Whitmore v. Arkansas, 495 U.S. 149, 160, 110 S. Ct. 1717, 1726 (1990); Estate of Amos v. City of Page, Arizona, 257 F.3d 1086, 1093 (9th Cir. 2001).

### B. First Amendment

Plaintiff alleges that the statements attributed to him in Inmate Alexander's rule violation report were retaliatory. To state a cognizable claim for retaliation, Plaintiff must set forth facts to show that some adverse action was taken against him because of his protected conduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The complaint is devoid of any adverse action taken against Plaintiff, and therefore, fails to state a cognizable claim for retaliation.

### C. Eighth Amendment

Plaintiff alleges that the inmate housing policy racially profiled and targeted African American inmates and the intent was to disrupt the orderly operation of the prison to incite and provoke violence. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The first amended complaint fails to allege any facts to demonstrate that the prison housing policy subjected Plaintiff to conditions that would be cruel and unusual punishment. Plaintiff has failed to state a cognizable Eighth Amendment claim.

C.     **Fourteenth Amendment**

    1.     **Due Process**

Plaintiff has failed to identify a liberty interest for which he seeks the protections of due process. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting . Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995)).

While Plaintiff alleges that the rule violation report issued against Inmate Alexander contained false information regarding Plaintiff, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

Plaintiff states that he was denied the opportunity to assist Inmate Alexander in the rule violation hearing. There is no constitutional right to assist another inmate in legal proceedings. Shaw v. Murphy, 532 U.S. 223, 225, 121 S. Ct. 1475, 1477 (2001); Lewis v. Casey, 518 U.S. 343, 350, 116 S. Ct. 2174, 2179 (1996). Additionally, an inmate does not have the right for assistance of counsel in prison disciplinary hearings. Bostic v. Carlson, 884 F.2d 1267, 1274 (1989). While an inmate has a limited right to call witness, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2979 (1974), the right accrues to the inmate being charged with the rule violation. This does not confer upon Plaintiff the right to be called as a witness or to be personally interviewed by the employee investigating a rule violation. Plaintiff does not have a liberty interest in or a constitutional right to assist Inmate Alexander in a disciplinary hearing.

Plaintiff complains that his inmate appeal was rejected, however, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The failure to process an inmates grievance, "without more, is not actionable under section 1983," Buckley, 997 F.2d at 495 and Plaintiff does not have a constitutionally protected right to have his appeals accepted or

5

processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

**D.     Equal Protection**

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Plaintiff's conclusory allegations of racial profiling and targeting of African American inmates are insufficient to state a plausible equal protection claim. Iqbal, 129 S. Ct. at 1949-50.

**E.     Prison Regulations**

Finally, § 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

**IV.    Appointment of Counsel**

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d

1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel should be denied.

## V.     Conclusion and Recommendation

The Court finds that Plaintiff's first amended complaint fails to state any claims upon which relief can be granted under § 1983 against any named defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1.   Plaintiff's motion for the appointment of counsel be DENIED; and
2.   This action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///

///

7

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3 1153 (9th Cir. 1991).

4     IT IS SO ORDERED.

5     Dated:   April 6, 2012               /s/ **Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE